RAFFI KHATCHADOURIAN (SBN 193165)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
File No. 3968-20101346-RK

Attorneys for Objecting Secured Creditor,
OneWest Bank, FSB as Purchaser of Certain Assets of First Federal Bank of California from the Federal Deposit Insurance Corporation, acting as Receiver

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CAROL MARIE BERRY,<br><br>            Debtor. | Case No. 2:10-13548-AA<br>Chapter 13<br><br>NOTICE OF OBJECTION AND OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN<br><br>Meeting of Creditors:<br>Date:      March 5, 2010<br>Time:      10:00 a.m.<br>Location:  U.S. Trustee's Office<br>           725 S. Figueroa Street, Room 103<br>           Los Angeles, CA 90017<br><br>Confirmation Hearing:<br>Date:      April 8, 2010<br>Time:      10:30 a.m.<br>Courtroom: 1375<br>Judge:     Hon. Alan M. Ahart<br>Location:  255 E. Temple Street<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE AND ALL INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN THAT Secured Creditor OneWest Bank, FSB as Purchaser of Certain Assets of First Federal Bank of California from the Federal Deposit Insurance Corporation, acting as Receiver ("OneWest"), objects to the Confirmation of the Debtor's Chapter 13 Plan. The bases for the objection are stated below:

OneWest is the holder of a Note secured by a Deed of Trust on certain property owned by Debtor and identified as 4222 South Bronson Avenue, Los Angeles, California 90008 ("Property"). True and correct copies of the Note and Deed of Trust are attached to the Proof of Claim attached hereto as Exhibit "1" and incorporated herein by this reference.

OneWest's claim as of the Petition Date in this Chapter 13 bankruptcy case is $509,307.34.

Prior to the instant Chapter 13 bankruptcy case, Debtor had made no payment on account of their obligation under the Note and Deed of Trust since December, 2009.

Debtor has proposed a Chapter 13 Plan which cannot be confirmed as a matter of law. A true and correct copy of the Plan is attached hereto as Exhibit "2" and incorporated herein by this reference. The Plan is objectionable, without limitation, for the reasons set forth hereinbelow:

1. The Plan improperly modifies the rights of OneWest, whose claim is secured only by a security interest in real property that is the Debtor's principal residence by failing to provide for a cure of the correct amount of pre-petition arrearages with interest thereon. The current interest rate under Debtor's promissory note is 6.00%, as set forth in the Proof of Claim. OneWest is entitled to interest at said rate on the arrearages.

Actual pre-petition arrearages are in the amount of $15,831.78 with accrued but unpaid interest, late charges, foreclosure and other fees, as follows:

| | |
|---|---|
| 1 Regular mortgage payment for 12/09 | $ 4,814.24 |
| 2 Regular mortgage payments at $2,479.05 for 1/10 and 2/10 | $ 4,958.10 |
| Late charges | $ 297.48 |
| Property tax advance | $ 5,512.61 |
| Property tax advance service fee | $ 173.10 |
| Interest on advance | $ 76.25 |
| Total arrears: | $ 15,831.78 |

Debtor does not list the correct amount of arrears, only listing arrears in the amount of $8,000.00, nor does she provide for interest thereon. Additionally, the Plan will not pay off the arrears in full even over the 60-month course of the Plan. Based on the foregoing, the Plan may not be confirmed pursuant to 11 U.S.C. § 1322(b)(2).

2. OneWest has an allowed secured claim and objects because it has not accepted the Plan pursuant to 11 U.S.C. § 1325(a)(5)(A).

3.   In addition, the Plan fails to expressly provide for a retention of OneWest's lien securing its claim, and the value of the Property to be distributed to OneWest under the Plan is less than the allowed amount of OneWest's claim. 11 U.S.C. § 1325(a)(5)(B).

4.   The Plan is not feasible in light of the increase in OneWest's claim herein.

5.   Finally, the Debtor has failed and refused to surrender to OneWest the Property which secures OneWest's claim. 11 U.S.C. § 1325(a)(5)(c).

Based on the foregoing, OneWest submits that the Plan may not be confirmed, and the appropriate remedy in this case is either immediate conversion to Chapter 7, or dismissal of the Chapter 13 bankruptcy case.

Dated: February 22, 2010            HEMAR, ROUSSO & HEALD, LLP

By: /s/ *Raffi Khatchadourian*
RAFFI KHATCHADOURIAN
Attorneys for Objecting Secured Creditor,
OneWest Bank, FSB as Purchaser of Certain Assets of
OneWest Bank of California from the Federal Deposit
Insurance Corporation, acting as Receiver