1  Devin Sawdayi, (SBN 188847)
   Law Office of Devin Sawdayi
2  9107 Wilshire Boulevard, # 225
   Beverly Hills, CA 90210
3  Telephone:     (310) 475-9399
   Fax:           (310) 385-9593
4

5  Attorney for Debtor(s)

6

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11                                  ) Bk. No.  LA10-13548-AA
                                    )
12  CAROL MARIE BERRY                ) **NOTICE OF MOTION AND MOTION TO**
                                    ) **DETERMINE SECURED VALUE OF REAL**
13                                  ) **PROPERTY; TO STAY POST PETITION**
                                    ) **PAYMENTS TO RESPONDENT; TO STRIP-OFF**
14                                  ) **LIEN OF BANCO POPULAR NORTH AMERICA;**
                                    ) **MEMORANDUM OF POINTS AND AUTORITIES**
15                                  ) **IN SUPPORT; DECLARATION OF DEBTOR**
                                    ) **AND RONDAYN M. FRANCE**
16                                  )
                                    ) Date:   4/22/10
17                                  ) Time:   9:00 A.M.
              Debtor(s)              ) Place:  255 E. Temple Street., Los Angeles, CA
18                                  ) Ctrm:   #1375
                                    )
19  ─────────────────────────────────

20  TO: THE HONORABLE A. AHART, UNITED STAES BANKRUPTCY JUDGE;

21  KATHY A. DOCKERY, CHAPTER 13 TRUSTEE; AND ALL INTERESTED

22  **PARTIES; COMES NOW,** Debtor Carol M. Berry, (hereafter "Debtor") by and through her

23  attorney of record, Devin Sawdayi, and hereby moves this Court for a valuation of security pursuant to

24  Rule 3012 of the Federal Rules of Bankruptcy; for a determination of secured status under 11

25  U.S.C. Section 506(a); and for avoidance of the (second) trust deed lien and modification of the rights

26  of said lienholder under 11 U.S.C. Section 1322(b)(2).

27  This motion is based upon the attached Memorandum of Points & Authorities, attached declarations,
28
    and all statements, schedules and Chapter 13 plan on file with the Court as well as any and all other

1  Devin Sawdayi, (SBN 188847)
   Law Office of Devin Sawdayi
2  9107 Wilshire Boulevard, # 225
   Beverly Hills, CA 90210
3  Telephone:    (310) 475-9399
   Fax:          (310) 385-9593
4

5  Attorney for Debtor(s)

6

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11                                    )  Bk. No.  LA10-13548-AA
                                      )
12  CAROL MARIE BERRY                 )  **NOTICE OF MOTION AND MOTION TO**
                                      )  **DETERMINE SECURED VALUE OF REAL**
13                                    )  **PROPERTY; TO STAY POST PETITION**
                                      )  **PAYMENTS TO RESPONDENT; TO STRIP-OFF**
14                                    )  **LIEN OF BANCO POPULAR NORTH AMERICA;**
                                      )  **MEMORANDUM OF POINTS AND AUTORITIES**
15                                    )  **IN SUPPORT; DECLARATION OF DEBTOR**
                                      )  **AND RONDAYN M. FRANCE**
16                                    )
                                      )  Date:   5/13/10
17                                    )  Time:   9:00 A.M.
              Debtor(s)               )  Place:  255 E. Temple Street., Los Angeles, CA
18                                    )  Ctrm:   #1375
                                      )
19

20  TO: THE HONORABLE A. AHART, UNITED STAES BANKRUPTCY JUDGE;

21  KATHY A. DOCKERY, CHAPTER 13 TRUSTEE; AND ALL INTERESTED

22  PARTIES; **COMES NOW,** Debtor Carol M. Berry, (hereafter "Debtor") by and through her

23  attorney of record, Devin Sawdayi, and hereby moves this Court for a valuation of security pursuant to

24  Rule 3012 of the Federal Rules of Bankruptcy; for a determination of secured status under 11

25  U.S.C. Section 506(a); and for avoidance of the (second) trust deed lien and modification of the rights

26  of said lienholder under 11 U.S.C. Section 1322(b)(2).

27      This motion is based upon the attached Memorandum of Points & Authorities, attached declarations,

28  and all statements, schedules and Chapter 13 plan on file with the Court as well as any and all other

1  such evidence as may be presented at or before the above hearing.

2  Notice is further given in accordance with Local Bankruptcy Rules that any response to this

3  motion must be filed and served in duplicate upon Debtor's counsel herein at the above address,

4  the Chapter 13 Trustee and any and all other interested parties no later than fourteen (14) days

5  prior to the above hearing date.  Failure to do so may be deemed by the Court as a waiver of your

6  right to oppose this Motion any may result in the granting of the requested relief in this motion.

7

8  RESPECTFULLY SUBMITTED THIS 26 day of March 2010.

9  Law Office of Devin Sawdayi

10

11  _____
   By Devin Sawdayi
12  Attorney for Debtor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Factual Contentions

1. Debtor filed for Chapter 13 on February 1, 2010, in order to reorganize her debt and save her residence, which is now valued at no more than $300,000.00.

2. In arriving at said value, Debtor is relying upon her appraiser's opinion which is attached hereto as Exhibit A and incorporated herein by this reference.

3. Debtor's first trust deed is held by One West Bank FSB and is in the sum of $509,307.34. Attached hereto as Exhibit "B" is a true and correct copy of the proof of claim filed by holder of sad first trust deed.

4. Debtor's second trust deed is held by Banco Popular North America and is in the sum of $57,874.12. Attached hereto as Exhibit "C" is a true and correct copy of the proof of claim filed by holder of sad second trust deed.

5. A true and accurate copy of Debtor's Schedule A and D is attached as Exhibit "D" and incorporated herein by this reference.

### Legal Argument.

**A. THE SUBJECT PROPERTY MUST BE VALUED TO DETERMINE THE EXTENT OF THE CLAIM HELD BY THE JUNIOR LIENHOLDER.**

Pursuant to Bankruptcy Rule 3012 of the Federal Rules of Bankruptcy Procedure (hereinafter "FRBP"), "the court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim any other entity as the court may direct". In this respect, Debtor(s) respectfully request that this Court determine the value of the subject property to be **$300,000.00**. Please see the attached appraisal, attached as **Exhibit A** and incorporated herein by this reference.

FRBP 3012 implements 11 U.S.C. Section 506(a) of the Bankruptcy Code with respect to

-3-

1  valuation of a secured claim so as to determine the extent to which such claim is unsecured. Debtor

2  moves to remove and extinguish the claimant's lien to the extent allowed under Section 506(a),

3  1322 (b)(2) and Section 1325.

4       Bankruptcy Code Section 506(a) provides in pertinent part that "an allowed claim of a

5  creditor secured by a lien on property in which the estate has an interest is a secured claim to the

6  extent of the value of such creditor's interest in the estate's interest in such property, and is an

7  unsecured claim to the extent that the value of such creditor's interest is less than the amount of

8  such allowed claim".

9       In this respect, Section 506(a) basically divides a creditor's claim into two parts. First, it is

10  secured to the extent of the value of the collateral. Next it is unsecured as to the remainder of the

11  claim.

12

13       Furthermore, 11 U.S.C. Section 506(d) states that "To the extent that a lien secures a claim

14  against a debtor that is not an allowed secured claim, such claim is void."

15       Section 506 is a section of general applicability and a Chapter 13 case allows bifurcation of

16  a claim into secured and unsecured portions. <u>Wilson v. commonwealth Mortgage Corp.</u>, 895 F.2d

17  123, 22 C.B.C. 561 (3rd. Cir. 1990).

18       In the instant case, given that the first trust deed of One West Bank FSB is undersecured,

19  (since the value of the subject property is less than that of the first trust deed) it is obvious that the

20  second trust deed is totally unsecured.

21

22     B.   <u>**A wholly unsecured mortgage lienholder's rights can be modified pursuant to**</u>

23  <u>**11 U.S.C. Section 1322(b)(2).**</u>

24       Pursuant to <u>Nobleman v. American Savings Bank</u>, 13 S.Ct. 2106 (1993), a debtor cannot

25  "strip off" (remove) a lien if any portion of said lien is secured. As such, by deduction, when a lien

26  is wholly unsecured, it can be stripped off (removed). This is because where there is no secured

27  claim, there is no protection from modification. Various courts agree that where senior liens are

28

larger than the market value of a subject (real) property, the decision in Nobleman is not applicable.

As such, the present case falls outside of the scope and protection afforded by Nobleman given that the lien of said junior trust deed holder is wholly unsecured. The reason it is wholly unsecured is because the market value of the property is less than the value of the first (senior) trust deed. As such, the second trust deed and third trust deed are totally unsecured.

The prevailing law still allows Chapter 13 debtors to remove a junior mortgage that is wholly unsecured In re Lam, 211 B.R. 36 (9th. Cir. B.A.P. 1997). The Court in Lam held that:

> The Nobleman decision holding that Section 1322(b)(2) bars a Chapter 13 plan from modifying the rights of holders of claims secured only by the debtor's principle residence does not apply to holders of totally unsecured claims. The extension of the protections of section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing dischargeability of unsecured claims.

Another California case had a similar result. The Court in In re Geyer (203 B.R. 726 S.D. Cal. 1996) sustained the debtor's motion to avoid a junior lien which was completely unsecured. That Court held that a Chapter 13 debtor can strip off a lien on his or her primary residence if the lien holder's claim is totally unsecured. The Geyer Court stated that:

> "the term Secured claim as used in Section 1322(b)(2) has the same meaning as the term secured claim in Section 506(a). Unless there is some equity to which the creditor's lien attaches, there is no allowed secured claim and no entitlement to the protection against modification contained in Section 1322(b)(2). A Chapter 13 debtor may 'strip-off' a lien on his or her primary residence under the plan or under Section 506(d) when the lien holder's interest is totally unsecured. In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

The Court's order in the instant case should not be affected by the ruling in Nobleman given that the lien in that case was partially secured and was the first trust deed lender. However, the request by Debtor(s) in the instant case is to 'strip off'/remove a junior lien to which there is no equity at all.

As such, given that respondent holds a completely unsecured junior lien on Debtor's residence, it does not hold an allowed secured claim and it thus cannot seek protection under Section 1322(b)(2). This is because, as evident from the attached appraisal and declarations, the

-5-

1 subject property is Debtor's primary residence and the value of such residence is less than the value

2 of first trust deed, so that the second trust deed should be extinguished, reconveyed, and treated as

3 unsecured.

4     C.    **In re Dewsnup is distinghished from lien stripping in the instant case.**

5 The case of <u>Dewsnup v. Tim</u>, 502 U.S. 410 112 S. Ct. 773, 116 L.Ed.2d. 903 (1992), which

6 consisted of a **Chapter 7** debtor, has no bearing on the instant motion brought by this Chapter 13

7 Debtor. Rather, controlling law is that previously cited by Debtor in this motion.

8 **WHEREFORE**, Debtor respectfully requests that the Court order the Second trust deed be

9 extinguished and void and that it be treated as unsecured for the duration of this Chapter 13. It is

10 further respectfully requested that upon discharge of this Chapter 13, said lien of Banco Popular

11 North America will be declared void and shall no longer constitute an encumbrance upon Debtor's

12 residence. In accordance with same, upon discharge of this Chapter 13, Banco Popular North

13 America is ordered to promptly cause removal of its junior lien from title so as to provide Debtor

14 with title to the subject property which is free and clear of its junior lien. Alternatively, in the

15 event this Chapter 13 Debtor does not receive a Chapter 13 discharge the subject lien shall remain

16 valid.

Respectfully submitted,

3/26/10
_____
Date

_____
Devin Sawdayi, Esq.
Attorney for Debtor

**DECLARATION OF RONDALYN M. FRANCE IN SUPPORT OF**

**VALUATION OF DEBTORS' REAL PROPERTY.**

**U.S.B.C. CASE NO.: LA10-13548-AA**

I, **Rondalyn M. France**, declare:

1. I am a licensed real estate appraiser, state of California license number AR030730. I was retained by Ms. Carol M. Berry (the "Debtors") to examine and appraise a single residence located at 4222 Bronson Ave., Los Angeles, CA 90008 (the "subject property").

2. I make this declaration based upon my own personal, first hand knowledge, my education, training and experience in the field of real estate appraisal and if called as a witness, I could and would competently and truthfully testify thereto.

3. As a licensed residential appraiser, I perform many appraisals per month, primarily in Los Angeles County and San Fernando Valley.

4. I have completed a number of courses covering various aspects of real estate appraisal.

5. On or about January 21, 2010, I had occasion to conduct an appraisal of the subject property. Attached hereto and incorporated by reference herein as **Exhibit "A"** is a true and correct copy of the January 21, 2010, appraisal report.

6. In preparing the appraisal report, I performed market research, inspected the residence, both interior and exterior, measured the Residence to determine the square footage, and surveyed the immediate neighborhood.

7. In determining the fair market value for the subject property, I used both the sales comparison approach and the cost approach, with the greater weight given to the sales comparison approach. I consider the sales approach to be the most reliable in determining fair market value because it more accurately simulates buyers' perceptions and actions.

8. Based upon my observations, inspection of the subject property, and market research as well as my training, education and experience as a licensed residential

appraiser, it is my professional opinion that the subject property has a fair market value of $300,000.00 as of January 21, 2010.

9. I have no present or contemplated future interest in the subject property described in the appraisal report attached hereto as **Exhibit "A"**. Neither my employment or compensation for this appraisal is contingent upon the value found.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge.

Executed this 23rd day of March, 2010 at Los Angeles, California.

Rondalyn M. France
California Appraisal License No. AR030730

## DECLARATION OF CAROL MARIE BERRY IN SUPPORT OF
## MOTION OT EXTINGUISH LIEN OF BANCO POPULAR NORTH AMERICA

I, Carol Marie Berry, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in the instant bankruptcy proceeding, case number LA10-13548-AA.

2. I filed bankruptcy to save my principle residence located at 4222 Brunson Ave., Los Angeles, CA 90008.

3. My property is worth no more than $300,000.00, based on a licensed California appraiser's Residential Appraisal Report reflecting current value. Attached hereto as Exhibit "A" and incorporated herein by this reference.

4. The lien of the First Deed of Trust is currently held by One West Bank FSB and has a balance owing of at least $509,307.34. Attached as Exhibit B and incorporated herein by this reference is a true and accurate copy of the proof of claim filed by holder of said first trust deed.

5. The Second Deed of Trust is currently held by Banco Polular North America. The amount owing on the Second Trust Deed is currently at least $57,814.12. Attached as Exhibit C and incorporated herein by this reference is a true and accurate copy of the proof of claim filed by holder of said second trust deed.

6. Attached hereto as Exhibit "D" is my Schedule D reflecting the approximated amount owed to each lender at the time of filing my bankruptcy petition.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on March    2010, at Los Angeles, California.

_____
Carol M. Berry

Declaration of Carol M. Berry - 1

<div align="center">

**PROOF OF SERVICE BY MAIL**

**U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

</div>

I declare that I am over 18 years and that I am employed in the Law Offices of Devin Sawdayi.

That on March 27 2010, I will serve a copy of the following item:

**NOTICE TO CORRECT TIME ON MOTION AND MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS TO RESPONDENT; TO STRIP-OFF LIEN OF BANCO POPULAR NORTH AMERICA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF DEBTORS AND RONDALYN M. FRANCE**

To the interested parties in this action by regular first class mail at the following address:

**Chapter 13 Trustee**
Kathy Dockery
700 S. Flower Street, #1950
Los Angeles, CA 90017

**First T.D**
One West Bank, FSB
12555 West Jefferson Blvd., Los Angeles, CA 90066

**Counsel for First T.D**
Hemar, Rousso & Heald, LLP: Raffi Khatchadourian, Esq.
15910 Ventura Blvd., 12th Floor, Encino, CA 91436

**Second T.D**
Banco Popular North America
8523 Commodity Cir Ste. 100, Orlando, FL 32819
Also
Banco Popular North America c/o Graham Vaage, LLP
500 N. Brand Blvd., Ste 1030, Glendale, CA 91203

Mr. Roberto R. Herencia (President)... ... ... Via Certified Mail
7 West 51st Street
New York, NY 10019

I declare under penalty of perjury that the foregoing is true, complete, and accurate.

Executed at Los Angeles, California March 27, 2010.

_____
Law Office of Devin Sawdayi
By: Yuzumi Isaki

COMMERCIAL BANKS
# Banco Popular North America

**Snapshot** | **People**

## COMPANY OVERVIEW

Banco Popular North America operates as a community bank in the United States. It offers checking and savings accounts, and certificates of deposit; account services, including debit card, net banking, telephone banking, automatic funds transfers, and direct deposits; credit and gift cards; loans, such as home equity, mortgages, personal loans, and auto loans; and investments and insurance services, including retirement and college planning, wealth accumulation, tax favored programs, financial planning, and estate planning. The company also provides business services, such as cash management solutions and merchant services, as well as international services, including import and export servi...

Detailed Description

7 West 51st Street
New York,, NY 10019
United States
Founded in **1999**

Phone: 847-994-5400
Fax: 847-994-6969
www.bancopopular.com

## KEY EXECUTIVES

**Mr. Richard L. Carrion**
Chairman of the Board and Chief Executive Officer
Age: 56

**Mr. Roberto R. Herencia**
President
Age: 49

**Mr. William H. Sperling**
President

**Ms. Sonia Olarte**
Head of Construction Business Lending

**Mr. Tony Caula**
Head of Business Banking

Compensation as of Fiscal Year 2009.

## KEY DEVELOPMENTS FOR BANCO POPULAR NORTH AMERICA